UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.    Case No. 8:17-cv-2389-T-24 AEP

DAPHNE D. JONES, ET AL.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Default Judgment. (Doc. No. 46). As explained below, the motion is granted.

**I. Background**

Plaintiff United States of America filed this lawsuit in order to reduce to judgment Defendant Daphne Jones' unpaid federal income tax liabilities for the tax years 2005, 2006, 2007, and 2014. Additionally, Plaintiff seeks to foreclose the federal tax liens that encumber real property ("Subject Properties") held by Defendant On Point Group Inc., to sell the Subject Properties free and clear of the liens and claims of Defendants in this case, and to disburse the sales proceeds.[1]

**A. Jones' Tax Liability**

The IRS made the following assessments with respect to Jones' income tax liabilities for the tax years 2005, 2006, 2007, and 2014:

---

[1] The Subject Properties are located at 10610 and 10612 McIntosh Road, Thonotosassa, Florida 33595.

| Tax Year | Date of Assessment | Tax Assessed | Interest Assessed | Penalties Assessed |
|---|---|---|---|---|
| 2005 | 10/15/2007 | $ 31,503.00 | $ 4,689.15 | $ 6,608.00 |
|  | 6/16/2008 |  |  | $ 2,312.94 |
|  | 6/21/2010 |  |  | $ 5,947.56 |
|  | 9/20/2010 | $ 68,585.00 |  | $ 13,717.00 |
|  | 11/17/2014 |  | $ 55,449.50 | $ 17,146.25 |
| 2006 | 9/20/2010 | $ 50,776.00 | $ 12,340.39 | $ 2,402.92 |
|  |  |  |  | $ 11,424.60 |
|  |  |  |  | $ 10,662.96 |
|  | 4/2/2012 | $ 47,943.00 | $ 19,005.89 | $ 12,684.00 |
|  |  |  |  | $ 10,149.00 |
|  |  |  |  | $ 250.00 |
| 2007 | 9/20/2010 | $ 31,433.00 | $ 4,537.12 | $ 1,430.59 |
|  |  |  |  | $ 7,072.43 |
|  |  |  |  | $ 4,714.95 |
|  | 11/17/2014 |  | $ 6,765.21 | $ 3,053.29 |
| 2014 | 3/21/2016 | $ 11,538.00 | $ 354.83 | $ 163.00 |
|  |  |  |  | $ 2,076.84 |
|  |  |  |  | $ 546.36 |

Additionally, the IRS assessed a civil penalty, plus interest, due to Jones' excessive claim for a refund or credit relating to her 2005 taxes:

| Tax Year | Date of Assessment | Interest Assessed | Penalties Assessed |
|---|---|---|---|
| 2005 | 6/7/2010 |  | $ 6,300.00 |
|  | 11/17/2014 | $ 810.09 |  |

The Secretary of Treasury filed Notices of Federal Tax Liens against Jones for her unpaid income tax liabilities for the tax years 2005, 2006, 2007, and 2014, as well as for the civil penalty assessed for the 2005 tax year. As of April 30, 2018, after taking into account payments, credits, and abatements, Jones' total tax liability for the tax years 2005, 2006, 2007, and 2014 is $432,233.89. (Doc. No. 46-1). Interest, penalties, and statutory additions continue to accrue until the balance is paid in full.

**B. On Point Group Inc.'s Liability**

On the dates of the assessments listed above, federal tax liens arose and attached to Jones' property and Jones' rights to property. In August of 2008, Jones registered On Point Group Inc. ("OPG") as a corporation with the State of Florida.

On September 20, 2012, Jones used personal funds (which were encumbered by tax liens) to purchase the Subject Properties through OPG. As a result, the tax liens (which arose from the assessments occurring prior to September 20, 2012) attached to the Subject Properties held by OPG.

Additionally, OPG holds title to the Subject Properties as Jones' nominee and/or alter ego as illustrated by the following: Jones is the 100% shareholder of OPG and exercises sole dominion and control over OPG. Jones granted a mortgage on the Subject Properties as OPG's CEO. Jones and OPG's finances are co-mingled. Jones is the sole authorized signer on OPG's bank account, and she has used the "corporate" funds to pay for clothing, beauty supplies, groceries, airfare, pool maintenance, childcare, housekeeping, entertainment, car insurance, and other personal expenses. Jones withdrew over $180,000 in cash from the "corporate" account in 2014 and another $234,000 during the first half of 2015. When the IRS questioned these large withdrawals, Jones did not provide any explanation.

OPG has failed to follow corporate formalities, including failing to file an annual report. As a result, on September 27, 2013, the Florida Secretary of State administratively dissolved OPG.

Based on the above, the IRS has shown that OPG is a shell utilized by Jones to hide her property from collection and that Jones is the true and equitable owner of the Subject Properties.

The Secretary of Treasury filed a Notice of Federal Tax Lien against OPG as the nominee and/or alter ego of Jones for her unpaid income tax liabilities for the tax years 2005, 2006, 2007, and 2014, as well as for the civil penalty assessed for the 2005 tax year.

### C. Procedural Background

On October 12, 2017, Plaintiff filed suit against Jones, OPG, as well as others that Plaintiff believed may claim an interest in the subject properties.[2] Plaintiff asserts the following three claims: (1) a claim to reduce Jones' federal tax liabilities to judgment; (2) a claim to foreclose on the federal tax liens on the Subject Properties; and (3) an alternative claim to adjudge that OPG is liable for Jones' tax liabilities as her alter ego.

The following defendants failed to file a response to the complaint, and as a result, the Clerk entered default against them: (1) R. Dennis Langston (Doc. No. 28), (2) the Florida Department of Revenue (Doc. No. 37), (3) Stay Dry Roofing of Tampa Bay (Doc. No. 29), (4) Bay Gulf Credit Union (Doc. No. 30), and (5) CitiFinancial Services, Inc. (Doc. No. 38).[3] Likewise, Jones and OPG failed to respond to the complaint, and the Clerk entered default against them. (Doc. No. 41, 42).

The only defendant that responded to the complaint is Defendant Hillsborough County Code Enforcement ("the County"). (Doc. No. 12). Plaintiff and the County entered into a stipulation in which they agreed that Plaintiff's liens on the Subject Properties for unpaid income

---

[2]The other parties were added as defendants pursuant to 26 U.S.C. § 7403(b), which provides that "[a]ll persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto."

[3]Plaintiff dismissed its claims against Defendants Tampa Bay Black Business Investment Corp. and John A. Rhoades, Jr. (Doc. No. 22).

4

taxes are superior in priority to the County's outstanding fine connected to the Subject Properties. (Doc. No. 45).

## II. Motion for Default Judgment

In the instant motion, Plaintiff seeks default judgment against Jones, OPG, and the other defaulting defendants. As to R. Dennis Langston, (2) the Florida Department of Revenue, (3) Stay Dry Roofing of Tampa Bay, (4) Bay Gulf Credit Union, and (5) CitiFinancial Services, Inc., this Court finds that default judgment should be entered against them declaring that these defendants have no interest in the Subject Properties.

### A. Jones' Federal Tax Liability

The allegations in the complaint, which are deemed true as to Jones and OPG, establish that Jones is liable for federal tax liabilities for tax years 2005, 2006, 2007, and 2014 that were assessed against her and that she failed to pay despite notice and demand. Accordingly, the Court grants Plaintiff's motion to reduce Jones' federal income tax liabilities to judgment. The Court finds that as of April 30, 2018, Jones owes $432,233.89 on account of the taxes claimed in this case, plus interest and statutory additions that will continue to accrue from April 30, 2018 through the date of payment in full.

### B. The Subject Properties

Pursuant to 26 U.S.C. § 6621, "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." The lien "arise[s] at the time the assessment is made and

shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C. § 6322. "[T]he lien follows any property substituted for what the taxpayer owned, provided that the chain of substitution can be traced." Municipal Trust & Savings Bank v. United States, 114 F.3d 99, 101 (7th Cir. 1997). "Property of the nominee or alter ego of a taxpayer is subject to the collection of the taxpayer's tax liability." Shades Ridge Holding Co., Inc. v. U.S., 888 F.2d 725, 728 (11th Cir. 1989).

In the instant case, Jones used personal funds (which were encumbered by tax liens) to purchase the Subject Properties through OPG. As a result, the tax liens (which arose from the assessments occurring prior to September 20, 2012) attached to the Subject Properties held by OPG, as Jones' nominee and/or alter ego.[4] As explained by the Shades Ridge court:

> Whether a corporation . . . [is subject to collection of the taxpayer's tax liability] turns on: (1) the control taxpayer exercises over the [corporation] and its assets; (2) the use of corporate funds to pay taxpayer's personal expenses; and (3) the family relationship, if any, between the taxpayer and the corporate officers.

Id. at 729 (citations omitted). Jones and OPG's relationship clearly meets this test.

Jones is the 100% shareholder of OPG and exercises sole dominion and control over OPG. Jones granted a mortgage on the Subject Properties as OPG's CEO. Jones and OPG's finances are co-mingled. Jones is the sole authorized signer on OPG's bank account, and she has used the "corporate" funds to pay for clothing, beauty supplies, groceries, airfare, pool

---

[4]The Court notes that the nominee and alter ego theories are separate theories, which some courts have erroneously used interchangeably. This Court is focused on the test set forth in Shades Ridge, regardless of whether the test is used to establish that a third party is a nominee or an alter ego.

maintenance, childcare, housekeeping, entertainment, car insurance, and other personal expenses. Jones withdrew over $180,000 in cash from the "corporate" account in 2014 and another $234,000 during the first half of 2015. When the IRS questioned these large withdrawals, Jones did not provide any explanation.

### C. Foreclosure of the Federal Tax Liens

Pursuant to 26 U.S.C. § 7403(c), this Court can order the sale of property subject to a federal tax lien and direct the distribution of the proceeds. See U.S. v. Christiansen, 414 Fed. Appx. 218, 220 (11th Cir. 2011)(stating that "district courts have the right to order the sale of property encumbered by a tax lien, and 'to render such judgments and decrees as may be necessary or appropriate' to complete that sale"). Accordingly, the Court grants Plaintiff's motion to foreclose on the tax liens that attached to the Subject Properties.

## III. Conclusion

Based on the above, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Default Judgment (Doc. No. 46) is **GRANTED** as follows:

(1) Defendant Daphne Jones is indebted to the United States for unpaid federal income tax liabilities for tax years 2005, 2006, 2007, and 2014 in the total amount of $432,233.89 as of April 30, 2018, plus fees and statutory additions thereon as provided by law from that date to the date of payment in full pursuant to 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6621–22.

(2) Federal tax liens arose against Defendant Daphne Jones for unpaid federal income tax liabilities for tax years 2005, 2006, 2007, and 2014 and attached to the Subject Properties.

(3) As to R. Dennis Langston, (2) the Florida Department of Revenue, (3) Stay Dry Roofing of Tampa Bay, (4) Bay Gulf Credit Union, and (5) CitiFinancial Services, Inc., this Court finds that default judgment should be entered against them declaring that these defendants have no interest in the Subject Properties.

(4) The Subject Properties (located at 10610 and 10612 McIntosh Road, Thonotosassa, Florida 33595) are to be sold, free and clear of the defaulted defendants' purported interests, at public auction pursuant to a decree of foreclosure and order of sale, a motion for which shall be submitted to the Court by Plaintiff by June 8, 2018.

(5) The net proceeds of the sale of the Subject Properties shall distributed as further directed by the Court.

**DONE AND ORDERED** at Tampa, Florida, this 8th day of May, 2018.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record