UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Case No: 17-cv-2389-T-24AEP

DAPHNE D. JONES, ET AL.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendants Daphne Jones and On Point Group, Inc.'s ("OPG") Motion to Vacate Default Judgment. (Doc. No. 50). Plaintiff United States opposes the motion. (Doc. No. 51). As explained below, the motion is denied.

**I.  Background**

Plaintiff filed this lawsuit in order to reduce to judgment Jones' unpaid federal income tax liabilities for the tax years 2005, 2006, 2007, and 2014. Additionally, Plaintiff sought to foreclose the federal tax liens that encumber real property held by OPG, to sell those properties free and clear of the liens and claims of Defendants in this case, and to disburse the sales proceeds.

Plaintiff served Jones by substitute service on January 13, 2018. (Doc. No. 35). Specifically, Plaintiff served Claudine Hall, who the process server states is a co-resident of Jones and at least 15 years old.

Plaintiff served OPG by serving its registered agent on January 31, 2018. (Doc. No. 39). Specifically, Plaintiff served Yailis Hernandez, a receptionist for the registered agent (Mayor &

Mayor, LLC), who the process server states was designated to accept service for Mayor & Mayor, LLC.

Neither Jones nor OPG responded to the complaint, and the Clerk entered default against them on February 22, 2018. (Doc. No. 41, 42). Plaintiff mailed the motion for entry of default to Jones and OPG at the addresses at which they were each served. (Doc. No. 40).

Thereafter, Plaintiff moved for default judgment against them. Again, Plaintiff mailed the motion to Jones and OPG at the addresses at which they were each served. (Doc. No. 46). Default judgment was entered against them on May 8, 2018. (Doc. No. 47).

## II.  Motion to Vacate Default Judgment

On June 18, 2018, Jones and OPG filed the instant motion to vacate the default judgment, arguing that they were not properly served. "Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1299 (11th Cir. 2003). Federal Rule of Civil Procedure 60(b)(4) allows a court to relieve a party from a judgment when the judgment is void. "The burden of proof in a Rule 60(b)(4) motion rests with the defendant." Id. at 1298–99. Accordingly, the Court will analyze the service as to each of these defendants.

### A.  Jones

Jones argues that she was not properly served because Claudine Hall was a 15 year old house guest and was not residing at the property. However, Jones fails to offer any evidence to support this contention, such as an affidavit from Jones and/or Hall.

Plaintiff points out that the process server attempted to serve Jones at her residence on eight previous occasions and even left a note, which was later removed before the process server

2

returned. (Doc. No. 24-1, p. 3). On the ninth attempt, the process server was able to serve Jones via substitute service on Hall as Jones' co-resident.

Given the evidence before the Court consisting solely of the process server's Return of Service stating under penalties of perjury that Hall was Jones' co-resident, the Court finds that Jones has not met her burden of showing that she was not properly served. Therefore, the Court denies the motion to vacate the default judgment entered against her.

### B. OPG

OPG argues that it was not properly served for two reasons. First, it argues that since it has been administratively dissolved, Plaintiff was required to serve a director of OPG for service to be proper. OPG fails to cite legal authority to support this contention. However, the requirement to serve a director of a dissolved corporation only applies if the corporation was dissolved prior to July 1, 1990. See Fla. Stat. § 48.101. OPG was not even formed until 2008, and it was administratively dissolved in 2013. (Doc. No. 39, p. 2–3). Thus, service on a director of OPG is not required.

Instead, Florida Statute § 48.101 provides that "[p]rocess against any other dissolved corporation shall be served in accordance with s. 48.081." Florida Statute § 48.081(3)(a) provides that a corporation may be served by serving the corporation's registered agent. At the time of service, OPG's registered agent was (and still is) Mayor & Mayor, LLC. (Doc. No. 39, p. 2).

Second, OPG argues that service on Mayor & Mayor, LLC was not sufficient, because Mayor & Mayor, LLC "has been out of business for more than four years according to the building's property manager." (Doc. No. 50, ¶ 3). OPG fails to provide any evidence, such as an

3

affidavit, to support its contention.

Plaintiff points out that on May 29, 2018, OPG filed documents for reinstatement, and OPG continues to list Mayor & Mayor, LLC as its registered agent. (Doc. No. 51-1). Given the evidence before the Court consisting solely of the process server's Return of Service stating under penalties of perjury that Mayor & Mayor, LLC was served by serving Hernandez, who was designated to accept service for Mayor & Mayor, LLC, the Court finds that OPG has not met its burden of showing that it was not properly served. Therefore, the Court denies the motion to vacate the default judgment entered against OPG.

## III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Jones and OPG's Motion for Vacate Default Judgment (Doc. No. 50) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 22nd day of June, 2018.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

4